[No. 2279.]

MONTE FRAZIER *v.* THE STATE.

DILIGENCE—CONTINUANCE—NEW TRIAL.—See the opinion for a showing of diligence in an application for a continuance *held* sufficient under the circumstances of the case; and see the statement of the case for evidence set forth in the application for a continuance, which, considered in connection with the evidence adduced on the trial (the continuance having been refused), entitled the defendant to a new trial.

APPEAL from the District Court of Llano. Tried below before the Hon. A. W. Moursund.

A term of eight years in the penitentiary was assessed against the appellant upon his conviction for the theft of a horse, the property of R. J. Carson, in Llano county, Texas, on the tenth day of February, 1886.

R. J. Carson, the first witness for the State, testified, in substance, that he resided at Fort McKavett, in Menard county, Texas, and was a school teacher by profession. He turned his certain cream colored mare upon the range, at McKavett, some time between the first and fifteenth days of January, 1886, and did not see her again until he recovered her, some time during the latter part of February or the early part of March, of said year, from Frank Kerny, a German blacksmith at Babyhead, Llano county, Texas. During the interim, witness hunted the animal on Saturdays and Sundays, over the range about McKavett. No one had witness's permission or consent to take said horse. Witness got the animal from a Mexican named John.

Philip Rice testified, for the State, that he never saw the defendant to know him prior to this trial. On the morning of February 6, 1886, at about eight o'clock, two men, each riding and leading a horse, passed the witness's house, two and a half miles from Mason, in Mason county, going in a northeasterly direction. One of the men rode a dun mare. Two or three weeks later witness saw Carson traveling back over the same road, riding what he took to be the same dun mare spoken of. Witness could not recognize either the defendant or Frank Hickman as the man whom he first saw in possession of the said mare.

S. J. Salee testified, for the State, that he now lived near Mason, in Mason county. He formerly knew the defendant and Frank Hickman at Babyhead, in Llano county, Texas. On or about February 6, 1886, witness saw the defendant and Hickman traveling from a westerly direction towards a northeasterly direction, the defendant riding a certain dun mare which answers to the description of that described as the one charged in this indictment. Three or four weeks later, witness saw Mr. Carson in possession of a dun mare he took to be the animal he saw in defendant's possession on the occasion referred to.

Frank Kerney testified, for the State, that between the first and fifteenth days of February, 1886, defendant and one Frank Hick-

man came to his shop in Babyhead, Llano county, Texas, on which occasion the defendant traded to him the dun mare referred to in the indictment. On or about the first of the following March, Mr. R. J. Carson came to witness's shop, claimed the mare, proved her, and took her away.

James Beck testified that he was present when the witness Kerney traded with the defendant for the dun mare. He knew that mare to be the same one subsequently claimed and proved by the witness Carson.

Joe Robbins testified, for the State, that when he arrested the defendant for this offense, some three or four weeks after the recovery of the animal, defendant told him that he bought the animal from a Mexican named John or Juan, in Kimble county, Texas. The State rested.

John Forehand was the defendant's first witness. He testified, in substance, that he was present when the defendant traded a certain pony obtained from witness, for the dun mare described in the indictment. The trade was made in Kimble county, Texas, on or about February 1, 1886, with a Mexican named John or Juan. The two Wyatt boys, M. E. Montgomery, Mr. Brown and some others were present.

The application for continuance set forth that by the absent witnesses, four in number, the defendant would prove that he traded a certain pony for the mare in question, with a Mexican whose name was John or Juan, in Kimble county, Texas, on the fifth day of February, 1886.

The motion for new trial raised the question discussed in the opinion.

No brief for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Defendant's statement as to what he expected to prove by the four absent witnesses for whom his continuance was sought, is in all essential particulars corroborated by the witness Forehand, who testified in his behalf at the trial. To our minds the statement does not appear either improbable or untrue. As to diligence used by the defendant to procure their attendance—the indictment was found on the third of June, attachment for the witnesses was sued out on the tenth, went into the hands of the sheriff of Kimble county on the

twelfth, and was returned on the fourteenth. When filed in the Llano district court is not stated, but from the distance it had to travel we suppose it would take at least a day or so; say, then, it was filed in court on the sixteenth. The trial was on the eighteenth, two days after. Whilst defendant might have applied for and obtained another attachment, we can not say, under all the circumstances, that his failure to do so shows an utter want of diligence.

But, aside from this, if the action of the court in overruling the application was the exercise of that "sound discretion" contemplated by the statute (Code Crim. Proc., Art. 560, subdiv. 6; Harris v. The State, 18 Texas Ct. App., 287), still the statements were entitled to be weighed a second time by the court, in connection with the evidence, when the court was called upon to pass upon the motion for a new trial. Defendant's witness had testified that defendant had bought the animal charged to have been stolen in Kimble county, and he named other parties who were present, three of whom were the same parties mentioned by defendant in his application. The statement does not appear to us either improbable or untrue, and in view of the facts we are of opinion the defendant was entitled to a new trial, and that it was error to overrule his motion.

Several other bills of exception appear in the record, but the matters contained in them will not be discussed, since in all likelihood the same questions will scarcely arise upon another trial.

Because the court erred in refusing defendant's motion for a new trial, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*